UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-61802-BLOOM/Valle

**DRIFTWOOD HOSPITALITY**
**MANAGEMENT, LLC**, a Florida limited
liability company, as a managing agent for
DHM Denver Hotel, LP, a Delaware limited
partnership and DHM Denver Hotel Lessee,
LP, a Delaware limited partnership,

     Plaintiff,
v.

**CENTIMARK CORPORATION**,
a foreign corporation,

     Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE**

This matter comes before the Court upon Defendant Centimark Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), ECF No. [5]. The Court has reviewed the motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Court denies Defendant's Motion.

**I. BACKGROUND**

The underlying dispute in this matter centers on a contract for roofing services. *See* ECF No. [1-1]. Plaintiff Driftwood Hospitality Management, LLC ("Driftwood"), a Florida limited liability company, is managing agent for various hotels, including the Crowne Plaza Hotel located in Denver, Colorado. *See id.* at ¶¶ 3-4. In July 2006, Driftwood entered into a Purchase

1

Order (the "Contract") for the replacement of the roof of the Crowne Plaza[1] with Defendant CentiMark Corporation ("CentiMark"). *Id.* at ¶¶ 4, 9. The Contract required CentiMark to install a new roof, which included, *inter alia*, "[removal of] all existing roof surfaces down to a workable surface and dispos[al] of [the same]." *Id.* at 7-8. CentiMark "accepted the [Contract] from Driftwood in Broward County, Florida, and demanded that Driftwood make all payments to its office in Fort Lauderdale, Florida."[2] *Id.* at ¶ 7. In November 2013, the roof in question began to leak. *Id.* at ¶ 10. As a result of the leakage, Driftwood conducted an inspection of the roof where it was allegedly discovered that CentiMark had not performed the roof replacement pursuant to the terms of the Contract. *Id.* More specifically, the Complaint alleges that CentiMark did not remove the pre-existing roof surfaces prior to re-surfacing the roof. *Id.*

Consequently, Driftwood initiated the instant litigation on July 16, 2014 in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, asserting that CentiMark "breached the Contract by failing to install the roofing system in accordance with the Contract." *Id.* at ¶ 14-16. Immediately after filing its Answer and Affirmative Defenses, see ECF No. [4] at 31, CentiMark removed the case to this Court, asserting that the Complaint incorrectly labeled CentiMark as being a Florida limited liability company, when, in reality, Centimark is incorporated in, and maintains a principal place of business in, the Commonwealth of Pennsylvania. *See* ECF No. [1]. Pointing to a forum-selection clause purportedly governing the

---

[1] The hotel at issue has undergone several name changes since the creation of the Contract. *See* ECF No. [1-1] at ¶ 9. Although certain documents in the record list a different name for the hotel, the structure at issue is the same.

[2] The parties also entered into an additional contract in December 2007, purportedly to correct the damages suffered as a result of the breach of the initial Contract. *See* ECF No. [1-1] at 5 ¶ 18. While this second contract is related to Plaintiff's damages claim, it is unrelated to the transfer of venue issue presented here.

dispute, CentiMark now seeks to have the case transferred to the Western District of Pennsylvania. *See* ECF No. [5].

## II. DISCUSSION

A forum-selection clause, absent invalidity, requires the Court to transfer the case to the agreed upon forum. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (noting that "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied" when a valid forum-selection clause is present); *see also Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1333 (11th Cir. 2011) ("[W]e conclude that § 1404(a) is the proper avenue of relief where a party seeks the transfer of a case to enforce a forum-selection clause . . . ."). The Contract itself does not contain a forum-selection provision, but merely states that upon purchase, CentiMark "will provide warranty coverage for the above referenced scope of work, for the duration of the warranty under the terms and conditions *of the attached specimen copy*." ECF No. [5-2] at 17. The "Non-Prorated Limited Roof Warranty" (the "Warranty"), dated November 10, 2006, states in its pertinent part,

> This Warranty is issued at the Corporate offices of CentiMark Corporation in Canonsburg, Pennsylvania, and accordingly, is governed by Pennsylvania law. *Jurisdiction and venue of any dispute arising under/or pursuant to the terms of this Warranty shall be vested in courts sitting in Washington County, Pennsylvania.*

*See* ECF No. [5-3] (emphasis added). It is this provision that CentiMark bases its current argument on, stating that this clause requires Driftwood's breach of contract claim to be litigated in federal district court in the Western District of Pennsylvania.[3] *See* ECF No. [5].

---

[3] The Western District of Pennsylvania includes Washington County, Pennsylvania.

### A. Applicability of the Forum-Selection Provision

In response, Driftwood first asserts that the forum-selection clause is not incorporated into the Contract. *See* ECF No. [9]. The Court disagrees. The language of the Contract incorporates the terms of the Warranty into the Contract by stating that warranty coverage will be provided in accordance with the terms and conditions contained therein. *See* ECF No. [5-2] at 17; ECF No. [5-3]. However, the presence of the forum-selection clause in the Warranty does not necessitate that the case be brought in a Pennsylvania court. An issue remains as to whether the forum-selection clause applies to all claims brought under the Contract or solely those brought specifically with regard to the Warranty. Driftwood asserts that the provision is inapplicable because the Warranty is not implicated in its breach of contract claim. *See* ECF No. [9]. Under this theory, the Court is inclined to agree.

The Warranty states that a dispute "arising under/or pursuant to the terms of this Warranty" shall be litigated in Pennsylvania court. Driftwood does not appear to dispute the clause's validity. However, Driftwood's Complaint asserts a breach of the July 2006 Contract, not a breach of the terms of the Warranty. *See* ECF No. [1-1]. CentiMark cites to several cases from outside of this Circuit for the proposition that the Court must look beyond the Complaint to the nature of the action and the remedies sought in order to ascertain whether the forum-selection clause is applicable. In *Terra International, Inc. v. Mississippi Chemical Corp.*, the Eighth Circuit was concerned with the applicability of a forum-selection provision to a tort claim existing independent of a breach of contract claim. *See* 119 F.3d 688, 694 (8th Cir. 1997). Citing a case from the First Circuit, the Eighth Circuit agreed that "contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties." *Id.* (quoting *Lambert v. Kysar*, 983 F.2d 1110,

4

1121-22 (1st Cir. 1993)).  Although "[s]trategic or artfully drawn pleadings . . . will not work to circumvent an otherwise applicable forum selection clause," *id.* (citing *Lambert*, 983 F.2d at 1121), that is not what is being accomplished here.  Driftwood is pursuing a breach of contract, claiming that CentiMark failed to complete the work requested under the terms of the Contract, namely, that it did not remove the pre-existing roof prior to resurfacing, a requirement specifically provided for in the Contract.  *See* ECF No. [1-1] at ¶¶ 11, 15.  No parallel claim for breach of the Warranty is included in this litigation.  Therefore, the terms of the Warranty are not implicated.

Furthermore, the breach of contract claim does not "aris[e] under/or pursuant to" the terms of the Warranty.  In *Bahamas Sales Assoc., LLC v. Byers*, the Eleventh Circuit attempted to clarify whether a claim "relates to" a contract, language commonly included in forum-selection provisions.  *See* 701 F.3d 1335, 1340-41 (11th Cir. 2012).  The Court noted that this language, while broad, is not without limitations.  *See id.*  In order to avoid a situation where such language would permit a party to bring a multitude of parallel claims within the ambit of a forum-selection clause regardless of the parties' intent, the Circuit clarified that a claim will "relate to" a contract when "the dispute occurs as a fairly direct result of the performance of contractual duties."  *Id.*

Here, the language of the forum-selection clause does not contain the "relates to" language, but instead requires that the claim "aris[e] under/or pursuant to" the Warranty.  As with "relates to," the terms "arise under" and "pursuant to" are not without a boundary.  *See Thunder Marine, Inc. v. Brunswick Corp.*, 2006 WL 1877093, at *7 (M.D. Fla. July 6, 2006) (noting that although the terms "arising out of" and "in connection with" have been found to be "considerably broad forum clause phrases, these terms are not without bounds").  "[A] dispute

does not 'arise out of or in connection with' a contract just because the dispute would not have arisen if the contract had never existed." *Int'l Underwriters AG v. Triple I: Int'l Investments, Inc.*, 533 F.3d 1342, 1347 (11th Cir. 2008) (quoting *Seaboard Coast Line R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1351 (11th Cir. 1982)) (internal citation omitted).  Driftwood's Complaint asserts a single claim for breach of the specific requirements of the Contract.  The language of the forum-selection clause unequivocally applies to disputes "arising under/or pursuant to *the terms of [the] Warranty*."  ECF No. [5-3].  However, in spite of CentiMark's assertions, this language does not purport to cover all disputes arising from the work CentiMark performed on the Crowne Plaza.  Moreover, to the extent the Contract is ambiguous, such ambiguity will be construed against CentiMark, the drafter.  *See Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985); *Stateline Power Corp. v. Kremer*, 148 F. App'x 770, 771 (11th Cir. 2005) (citing *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1274 (11th Cir. 2004)).  Accordingly, the forum-selection clause contained within the Warranty does not mandate that the instant action be pursued in a Pennsylvania court.

B.   **Section 1404(a) Analysis**

Because the forum-selection clause does not command that this Court transfer the case to federal district court in the Commonwealth of Pennsylvania, a § 1404(a) analysis is warranted.[4]

---

[4] Generally, 28 U.S.C. § 1391 governs the appropriateness of a plaintiff's venue choices, stating that venue in a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

A change of venue is governed by 28 U.S.C. § 1404, which states in its relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In determining whether to transfer a case to another district, courts employ a two-step analysis: (1) whether the action might have been brought in the alternative venue; and (2) whether convenience of the parties and witnesses, as well as the interests of justice, require transfer.[5] *Thermal Technologies, Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003). As CentiMark maintains a principal place of business in Pennsylvania, this matter may have initially been pursued in Pennsylvania district court. *See* 28 U.S.C. § 1391 (stating that venue in a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located").

With respect to the second element, CentiMark contends that the subject hotel and all material witnesses "are located hundreds of thousands of miles from Broward County," and that none of the work occurred in Florida. ECF No. [5] at 8-9. CentiMark's allegations in this regard are rather conclusory. There is no dispute that the majority of the work at issue was performed in Denver, Colorado; however, CentiMark completely fails to indicate what material witnesses or

---

defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Venue is proper in the Southern District of Florida under option three as Defendant CentiMark maintains an office in Fort Lauderdale, Florida, and payments under the Contract were sent to that location.

[5] The Supreme Court has indicated that district courts, when conducting an analysis under §1404(a), should give significant weight to the presence of a valid forum-selection clause. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus."). Given that the forum-selection clause is inapplicable to Driftwood's breach of contract claim, no such weight will be afforded.

other elements weigh in favor of designating *Pennsylvania* as the correct forum.  It appears that other than the fact that CentiMark maintains its principal office in Pennsylvania, this litigation is wholly unrelated to the Commonwealth.  The Contract was executed in Broward County, Florida, payments were sent to CentiMark's office located in Broward County, and nearly all communication between the parties seems to have occurred between Driftwood and CentiMark's South Florida locations.  *See* ECF No. [5-1] at 3 ¶ 8, 6, 7; ECF No. [9] at 11 ¶¶ 3-4.  CentiMark has failed to direct the Court to one material witness or piece of evidence that would otherwise persuade the Court to believe that the Commonwealth of Pennsylvania is in any manner related to this litigation.  Although a significant portion of the operative facts did not occur in Broward County, neither did they occur in Pennsylvania. *See generally Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (noting that "where the operative facts underlying the cause of action did not occur within the forum chosen by the [p]laintiff, the choice of forum is entitled to less consideration").  For these reasons, § 1404(a) does not require that the litigation be transferred to the Western District of Pennsylvania.

### III. CONCLUSION

Accordingly, venue is appropriate in the Southern District of Florida and other factors, such as the convenience of the parties and witnesses, as well as the interests of justice, do not necessitate that the action be pursued in the Commonwealth of Pennsylvania.  Other than the otherwise inapplicable forum-selection clause, this litigation has no affiliation with the Commonwealth.  Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Centimark Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), **ECF No.**

**[5]**, is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of September 2014.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record